UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sankona Graham,<br><br>                    Petitioner,<br><br>    v.<br><br>James Dzurenda, et al.,<br><br>                    Respondents. | Case No. 2:25-cv-01002-GMN-EJY<br><br>**Order Staying and Administratively Closing the Case** |

       Petitioner submitted what he styled as a *pro se* Petition for Writ of Habeas Corpus. (ECF No. 4.) He has not paid the $5.00 filing fee or submitted a completed application to proceed *in forma pauperis* with the required inmate account statements for the past six months and financial certificate. 28 U.S.C. § 1915(a)(2); Local Rule LSR 1-2. This action therefore is subject to dismissal without prejudice as improperly commenced. The Court notes, though, that Graham insists that High Desert State Prison has refused to process his brass slip in order that he may pay the filing fee. (*See* ECF No. 3.)

       It also appears that the Petition is unexhausted. Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. That is the case here; this action is premature because Graham has not exhausted any of his claims in state court. Graham states that the Judgment of Conviction that he challenges was entered in Nevada's Fifth Judicial District Court (Nye County) on June 20, 2023, he appealed, and the appeal was decided on August 1, 2024. He filed a petition for post-conviction relief in the trial court

on July 22, 2024, and that petition remains pending. The only claims in Graham's federal petition are claims of ineffective assistance of counsel. Such claims must be presented first in a state post-conviction petition. Because his state post-conviction petition remains pending in the trial court, it is plain that Graham has not exhausted any of his claims in state court.

It does not appear that any of Graham's claims would be barred by the federal statute of limitations if this case is dismissed because his state post-conviction petition, which appears to have been timely filed, remains pending in the state district court. (*See*, *e.g.*, ECF No. 1-2 (motion that Graham filed in state court in April 2025 seeking adjudication of his state petition.)) However, in initiating this as well as a prior federal petition, Graham has alleged that the trial court is "stonewalling" and refusing to adjudicate his state petition. (*See* ECF No. 4, *see also* Case No. 2:25-cv-00229-JAD-DJA, ECF No. 1-1 at 1 ("it seems the Honorable Kimberly A. Wanker refuses to review the writ").)[1] Because the status of Graham's state post-conviction petition is unclear, the Court will stay this case. Graham can then file a motion to reopen this case after his state post-conviction petition is fully litigated.

---

[1] The Court dismissed the earlier-filed habeas action as unexhausted. Case No. 2:25-cv-00229-JAD-DJA, ECF Nos. 6, 7.

It is therefore Ordered that this action is **STAYED** pending final resolution of Petitioner's state post-conviction habeas petition.

It is further Ordered that the grant of a stay is conditioned upon Petitioner returning to federal court with a motion to reopen this case within 45 days of the issuance of the remittitur by the state appellate court at the conclusion of the state-court proceedings on the post-conviction habeas petition.

It is further Ordered that, in light of the stay, the following motions filed by Petitioner: Motion to Acknowledge the Filing Fee (ECF No. 5); Motion for Appointment of Counsel (ECF No. 6); Motion to Support Acknowledgment of Filing Fee (ECF No. 7); Motion in Support of ECF #6 (ECF No. 8); Motion for Leave to File (ECF No. 9); and Motion for Preliminary Injunction[2] (ECF No. 10) **are all DENIED** without prejudice.

The Clerk of Court is kindly directed to administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED: 29 July 2025.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that this Motion raises claims that must be brought in a 42 U.S.C. § 1983 civil rights complaint.

3