UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Sankona Graham,<br><br>　　　　　Petitioner,<br><br>v.<br><br>James Dzurenda, et al.,<br><br>　　　　　Respondents. | Case No. 2:25-cv-01002-GMN-EJY<br><br>**Order Denying Reconsideration** |

　　　　This Court stayed Petitioner Sankona Graham's *pro se* Petition for Writ of Habeas Corpus while he litigated his state post-conviction petition. (ECF No. 12.) Graham has filed a Motion for Reconsideration of that Order. (ECF No. 13.) He has also filed a Motion to Lift Stay and Release Innocent Prisoner. (ECF No. 17.) As discussed below, the Court denies both motions as well as his Motion for Review of Institutional File. (ECF No. 16.)

　　　　Graham moves for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1).

　　　　Graham has not exhausted any of his claims in state court. Graham states that the Judgment of Conviction that he challenges was entered in Nevada's Fifth Judicial District Court (Nye County) on June 20, 2023, he appealed, and the appeal was decided

on August 1, 2024.[1]  He filed a petition for post-conviction relief in the trial court on July 22, 2024, and that petition remains pending.  (*See*, *e.g.*, ECF No. 1-2 (motion that Graham filed in state court in April 2025 seeking adjudication of his state petition.))  The only claims in Graham's federal petition are claims of ineffective assistance of counsel.  Such claims must be presented first in a state post-conviction petition.  Because his state post-conviction petition remains pending in the trial court, it is plain that Graham has not exhausted any of his claims in state court.

However, in initiating this as well as a prior federal petition, Graham has alleged that the trial court is "stonewalling" and refusing to adjudicate his state petition. (*See* ECF No. 4, *see also* Case No. 2:25-cv-00229-JAD-DJA, ECF No. 1-1 at 1 ("it seems the Honorable Kimberly A. Wanker refuses to review the writ".))[2]  The Court stayed this federal petition because the status of Graham's state post-conviction petition is unclear.

In seeking reconsideration of the stay, it appears that Graham believes that the district court has in fact adjudicated his state petition and issued remittitur but that Graham has never received nor been able to obtain that remittitur. (*See* ECF No. 13 at 3 ("clearly a remittitur was issued yet petitioner does not have it therefore this case is ready without a stay".)  He points to the case summary for his criminal case. *Id*. at 22.  It seems Graham believes that the remittitur that appears on the case summary on August 23, 2024 is the remittitur for his state habeas petition.  However, that is the date that the state district court received the remittitur of the Nevada Supreme Court's affirmance of his convictions on direct appeal. *See* Nevada Supreme Court Case No. 86876.

Graham appears to argue alternatively that because the state district court has not adjudicated his state petition his federal claims should be deemed exhausted.  This argument is unavailing.  Neither—despite Graham's claim to the contrary—does this Court have jurisdiction to direct the state district court to adjudicate the state petition.

---

[1] This Court takes judicial notice of the state appellate court docket, which reflects that the Nevada Court of Appeals affirmed Graham's convictions on July 26, 2024. Case No. 86876.

[2] The Court dismissed the earlier-filed habeas action as unexhausted. Case No. 2:25-cv-00229-JAD-DJA, ECF Nos. 6, 7.

Graham instead needs to seek relief in the Nevada appellate courts, perhaps by filing a petition for writ of mandamus asking the appeals court to direct the district court to issue a decision on the state petition.[3] *See, e.g., Floyd. Eighth Judicial Dist. Court*, 504 P.3d 1133 (Nev. 2022); *Cote II v. Eighth Judicial Dist. Court*, 175 P.3d 906, 907-908 (Nev. 2008). The Nevada appellate docket reflects that Graham has not filed anything with the appellate courts since his direct appeal was decided. Graham has presented no basis for the Court to reconsider the Order staying this Petition, so his Motion for Reconsideration and Motion to Lift Stay are both denied.[4]

       Finally, Graham filed a Motion for Review of Institutional File. (ECF No. 16.) It is a one-page Nevada Department of Corrections form that appears to be an internal form that an inmate would submit to the prison in order to view his Institutional File. To the extent that Graham is asking this Court for any relief, the Motion is denied. So the case remains stayed and administratively closed.

       It is therefore Ordered that Petitioner's Motion for Reconsideration **(ECF No. 13) is DENIED**.

       It is further Ordered that Petitioner's Motion to Lift Stay and Release Innocent Prisoner **(ECF No. 17) is DENIED**.

       It is further Ordered that Petitioner's Motion for Review of Institutional File **(ECF No. 16) is DENIED**.

DATED: 9 October 2025.

                                          GLORIA M. NAVARRO
                                          UNITED STATES DISTRICT JUDGE

---

[3] Thereafter, if the state district court denies the petition, Graham needs to appeal that denial. If the Nevada appellate courts affirm that denial, Graham can then file a motion to reopen this federal petition.

[4] It appears from the Motion to Lift Stay that Graham thought that the Court imposed a 45-day stay. (ECF No. 17.) That is incorrect. The stay will remain in place until Graham files a motion to reopen this case after the full litigation of his state petition in both state district and state appellate court. (ECF No. 12 at 3.) Also, while the filed motion is also titled Motion to Release Innocent Prisoner, Graham asserts no argument that he is innocent.